**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAMON DOCK,

    Plaintiff,
v.                                                          Case No. 17-11421

GEORGE WILSON, JR. et al.,

    Defendants.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND GRANTING DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT**

Plaintiff, a pro se inmate, filed the instant complaint against several current and former employees at the Milan Federal Correctional Institute. (Dkt. #1.) He asserts constitutional claims for deliberate indifference and under the Federal Tort Claims Act in response to medical treatment he received for an elbow injury and rash during incarceration. All pretrial matters were referred to Magistrate Judge Stafford for consideration. (Dkt. #8.) Defendants filed a joint motion to dismiss and motion for summary judgment. (Dkt. #21.) The Magistrate Judge issued a Report and Recommendation ("R&R") recommending dismissal of Plaintiff's FTCA claims for failure to exhaust (Dkt. #32, PageID 319.) The Magistrate Judge also recommended dismissal for all of Plaintiff's deliberate indifference claims for failure to exhaust—apart from Plaintiff's claim related a to rash on his elbow—and dismissal of all defendants except Defendant Pomaloy. (Dkt. #32, PageID 322.) Finally, the Magistrate Judge

recommended granting summary judgment for Defendant Pomaloy on the surviving deliberate indifference claim. Plaintiff timely filed two objections to the R&R. (Dkt. #33.)

After reviewing the R&R and the parties' filings, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, and in the R&R, the court will overrule Plaintiff's objections and adopt the R&R in its entirety without alteration.

## I. STANDARD

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2015); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn,* 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'"

2

*McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## II. DISCUSSION

In Plaintiff's one-page objection to the R&R, he does not challenge the Magistrate Judge's determination that he failed exhaust all but one claim related to his medical treatment. (Dkt. #32, PageID 322.) Additionally, he does not challenge the recommended dismissal of all defendants apart from Defendant Pomaloy for his deliberate indifference claims. Because Plaintiff failed to object to these specific determinations, they are not entitled *de novo* review. *See Fitts v. Van Ochten*, No. 12-cv-13575, 2015 U.S. Dist. LEXIS 110710, at *5 (E.D. Mich. Aug. 21, 2015).

### A. Plaintiff's First Objection

Plaintiff's first objection involves a factual dispute with the Magistrate Judge's sequencing of his treatment. Plaintiff claims that the R&R incorrectly states that he did not request medical attention for the rash on his elbow until January 4, 2016. (Dkt. #33, PageID 329.) Plaintiff misconstrues the record. The R&R states that Plaintiff requested treatment for his rash on December 4, 2015 and was examined and prescribed ointment on December 22, 2015. (Dkt. #32, PageID 325.) The R&R then explains that Plaintiff *renewed* his request for treatment on January 4, 2016 and was prescribed more ointment on January 8, 15, and 22, 2016. (Dkt. #32, PageID 325.) Importantly, Plaintiff does not challenge the actual course of treatment he received. Additionally, he does not challenge the Magistrate Judge's classification of his rash as nonserious in early December nor the Magistrate Judge's determination that the short delay in treatment—from the time Plaintiff filed a request until he was seen on December 22, 2015—does

3

not establish deliberate indifference. As the Magistrate Judge correctly reasoned, a slight delay in medical treatment for a nonserious condition does not amount to deliberate indifference. (Dkt. #32, PageID 326) (citing *Cox v. Hartshorn*, 503 F. Supp. 2d 1078, 1086 (C.D. Ill. 2007). Accordingly, Plaintiff's first objection is overruled because the Magistrate Judge correctly determined that the medical care Plaintiff received did not rise to the high standard of deliberate indifference.

### B. Plaintiff's Second Objection

Plaintiff's second objection challenges the dismissal of his FTCA as untimely. The Magistrate Judge determined that Plaintiff failed to timely file his FTCA claim because he did not file within six months of agency denial as required by 28 U.S.C. §2401(b). (Dkt. #32, PageID 319.) Plaintiff asserts that his failure to timely file should be excused because of "the Mail Box Rule." (Dkt. #33, PageID 329.) Even assuming the mailbox rule applied to FTCA claims,[1] Plaintiff has not stated what date he mailed his complaint, which would be deemed the date it is filed under the Mailbox Rule. *Dann v. United States*, No.17-32-DCR, 2017 U.S. Dist. LEXIS 142691, at *3 (E.D. Ky. Sept. 5, 2017) ("[Plaintiff's] complaint is deemed filed on . . . the date he mailed it pursuant to the prison mailbox rule.") (internal citations omitted). In the absence of specifying such date, the court must determine the timeliness of Plaintiff's complaint based on the date it was received by the court, May 4, 2016. Plaintiff's claim was administratively denied on October 21, 2016 (Dkt. #1, PageID 99) making his complaint due by April 21, 2017.

---

[1] The Third and Ninth Circuit have held that the Mailbox Rule does not apply to FTCA claims. *See Lightfoot v. United States*, 564 F.3d 625, 628 (3d Cir. 2009); *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1252 (9th Cir. 2006) ("[V]rtually every circuit to have ruled on the issue has held that the mailbox rule does not apply to [FTCA] claims, regardless of whether it might apply to other federal common law claims.").

4

Plaintiff filed his complaint nearly two weeks after the required deadline. Accordingly, the Magistrate Judge properly determined that his FCLA claim was untimely. The court will overrule Plaintiff's second objection.

### III. CONCLUSION

For the reasons stated above, the court will overrule Plaintiff's objections and adopt the Magistrate Judge's R&R in full and without amendment. Accordingly,

IT IS ORDERED that Plaintiff's objections (Dkt. # 33) are OVERULED and the Magistrate Judge's August 16, 2018, Report and Recommendation (Dkt. #32) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss and Motion for Summary Judgment (Dkt. #21) is GRANTED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: September 25, 2018

I hereby certify that a copy of the foregoing document was served upon parties of record on this date, September 25, 2018, by electronic and/or ordinary mail.

        s/William Barkholz for Lisa G. Wagner
        Case Manager and Deputy Clerk
        (810)292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C1 ORDERS\17-11421.DOCK.adopt.R&R.HEB.2.docx